**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CHRISTOPHER D. DUBOSE** ) <br> ) <br> Plaintiff, ) <br> ) **Case No.:** <br> v. ) <br> ) **Jury Demanded** <br> **HOME DEPOT U.S.A., INC., and** ) <br> **WILLIAM WYATT, individually**, ) <br> ) <br> Defendants. ) | |

## COMPLAINT

Now Comes Plaintiff, Christopher DuBose ("Plaintiff") by and through his attorneys, and for a cause of action against the Defendants, Home Depot U.S.A., Inc., ("Home Depot") and William "Todd" Wyatt ("Wyatt"), individually (collectively "Defendants") alleges as follows:

## INTRODUCTION

1. Plaintiff is alleging employment discrimination against one or more of the Defendants in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et.seq*.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this court pursuant to 28 U.S.C. §§1331 and 1343 (a)(4).

3. Venue is proper in this judicial district under 42 U.S.C § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) as Defendants reside in the Northern District of Illinois and the acts complained of occurred within this judicial district.

## PARTIES

1

4. Plaintiff is an adult, African American male residing on the Northern District of Illinois, who was hired by Defendant Home Depot in April 2012.

4. At all times relevant during his employment with Defendant Home Depot, Plaintiff, satisfactorily performed his job duties, received positive job evaluations, pay raises and other benefits of employment.

5. Upon information and belief Defendant Home Depot is a duly organized corporation engaged in the business of the sale of home improvement products with its principal place of business located in Atlanta, Georgia. Home Depot maintains a distribution center and campus located in Romeoville, Illinois where the Plaintiff was employed.

6. At all times relevant, Home Depot had the necessary number of employees for this complaint for the purposes of Section 1981 and Title VII.

7. At all relevant times, Defendant Wyatt was employed by Home Depot as the General Manager and was responsible for hiring and promoting. Wyatt had control over the Plaintiff, and subject to individual liability for violating Section 1981.

## ADMINISTRATIVE PROCEEDINGS

8. On or about March 16, 2018, Plaintiff filed a Charge of Discrimination against Defendants with the U.S Equal Employment Opportunity Commission ("EEOC"). Plaintiff's charge was timely filed within the 300 days of alleged unlawful employment practices.

9. On March 23, 2018, the EEOC issued a Right to Sue letter and terminated the processing of the charge.

10. This action has been timely brought within 90 days of the Plaintiff's receipt of the EEOC's Notice of Right-to Sue (issued on March 23, 2018), and Plaintiff has satisfied all administrative prerequisites prior to commencing this action.

**FACTUAL ALLEGATIONS**

11. On or about April 23, 2012, Plaintiff began working for Home Depot at its distribution center in Romeoville, Illinois. In February 2017, Plaintiff held the position of operations manager at the Romeoville distribution center.

12. On information and belief, in February 2017, the position of Assistant General Manager for the Romeoville, Illinois distribution center was posted on Home Depot's website. Thereafter, Plaintiff, who had over 20 years of experience in management positions, applied for the Assistant General Manager position and went through Home Depot's formal vetting process.

13. On information and belief, Wyatt promoted Steven Reuter ("Reuter"), a Caucasian male with less experience than Plaintiff, to the position of Assistant General Manager.

14. On or about July 22, 2017, Reuter resigned from his Assistant General Manager position. Plaintiff intended to apply for the vacated Assistant General Manager position as soon as Home Depot began accepting applications for the position.

15. About a week after Reuter resigned, Wyatt announced that the position had been filled by an operations manager from a different Home Depot location. In the week between Reuter resigned and Wyatt announced the position had been filled, the Defendants had not made the position available to Plaintiff so he could apply.

16. On information and belief, the individual promoted into the Assistant General Manager position over Plaintiff had less years of experience than Plaintiff, was less qualified and is Caucasian.

17. About a week after Wyatt announced the Assistant General Manager position had been filled, Plaintiff asked Wyatt why the position was not posted and why he was not considered for the Assistant General Manager Position. Wyatt replied that he did not want to

have a nigger in his senior management team. Wyatt then told Plaintiff, "I'm sorry, but that is just how I feel."

18. In August 2017, as a direct and proximate result of Wyatt's racist statements to Plaintiff and his refusal to promote Plaintiff because of his race, Plaintiff began suffering from extreme mental anguish, humiliation and anxiety about his ability to support himself and the harm to his future employability and earning capacity.

19. Thereafter, in December 2017, Plaintiff was constructively discharged as a direct and proximate result of Wyatt's racism and refusal to promote Plaintiff.

**COUNT I**
**Discrimination in Violation of 42 U.S.C. § 1981**

20. Plaintiff realleges ad incorporates the above paragraphs as if fully set forth herein.

21. At all relevant times during Plaintiff's employment at Home Depot, Wyatt subjected Plaintiff to ongoing racially offensive and discriminatory treatment, including but not limited to: (a) telling Plaintiff that he would never promote a nigger to the senior management team; (b) refusing to promote Plaintiff because of his race; (c) failing to promote the Plaintiff to Assistant General Manager in favor of less experienced younger Caucasian employees after a bid posting; (d) failing to post the Assistant General Manager Position so Plaintiff could not apply; (e) depriving Plaintiff of a second chance to bid on the Assistant General Manager position after the departure of the recently promoted younger Caucasian; and (f) other unlawful and discriminatory treatment of Plaintiff because of his race in violation of Section 1981.

22. The effect of the aforesaid misconduct and unlawful employment practices, about which Plaintiff opposed, objected to and complained, were discriminatory, unlawful and deprived him (and possibly other African- American employees of Defendant Home Depot ), of

the equal opportunity to enjoy, make and enforce contracts, and otherwise adversely affected him based on his race, African-American.

23. The aforesaid discriminatory policies, practices, and directives as alleged herein, violate Section 1981.

24. Section 1981 prohibits adverse job actions against Plaintiff for *inter alia* opposing, objecting or complaining about racially discriminatory practices against African-Americans

25. As a direct and proximate result of the racial discrimination at Defendant Home Depot, Plaintiff was unable to physically and emotionally return to his job and will continue to lose compensation and other benefits of employment, has suffered emotional distress, depression and anxiety about his ability to support himself and his family as well as the demeaning and racially insensitive comment made by Wyatt as to the reason for not promoting the Plaintiff. In addition, the Plaintiff suffered a career loss/ future earning capacity, as well as suffering humiliation, embarrassment, disruption of his personal life and loss of enjoyment of the ordinary pleasures of everyday life.

26. The aforesaid conduct was willful, wanton and/or in reckless disregard for Plaintiff's federally protected rights and warrants the imposition of punitive damages.

**Relief Sought**

**WHEREFORE,** Plaintiff, Christopher Dubose, prays that this Court grant him the following relief against Defendants, Home Depot, and William ("Todd") Wyatt, individually and jointly and severally:

A. Award him appropriate back pay and future earnings, and reimbursement for other employment related losses, in an amount to be shown at trial, plus interest to render Plaintiff whole from the unlawful discrimination, and/or constructive discharge.

B. Award him compensatory damages for emotional pain, humiliation and anxiety in the amount to be shown at trial.

C. Award him punitive damages in an amount to be determined at trial for Defendant(s) willful and wanton misconduct.

D. Award him legal fees, litigation costs, any additional relief that is warranted.

## COUNT II
### (Discrimination in Violation of Title VII)

27. Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

28. Section 703(a) (2) of Title VII provides, *inter alia* that it is unlawful for an employer to deprive any individual of employment opportunities because of the individual's race or color.

29. At all relevant times during Plaintiff's employment at Home Depot, Wyatt subjected Plaintiff to ongoing, racially offensive and discriminatory treatment, including but not limited to: (a) telling Plaintiff that he would never promote a nigger to the senior management team; (b) refusing to promote Plaintiff because of his race; (c) failing to promote the Plaintiff to Assistant General Manager in favor of less experienced younger Caucasian employees after a bid posting; (d) failing to post the Assistant General Manager Position so Plaintiff could not apply;

6

(e) depriving Plaintiff of a second chance to bid on the Assistant General Manager position after the departure of the recently promoted younger Caucasian; and (f) other unlawful and discriminatory treatment of Plaintiff because of his race in violation of Title VII.

30. As a direct and proximate result of Defendant's unlawful employment practices and disregard for Plaintiff's rights and dignity, he has lost and will continue to lose income, including but not limited to wages, raises, promotions, insurance benefits and other compensation.

31. As a further direct and proximate result of said unlawful employment practices, Plaintiff suffered extreme mental anguish, humiliation and anxiety about his ability to support himself and the harm to his future employability and earning capacity.

32. The aforesaid conduct by the Defendant was willful and wanton and/or in reckless disregard of Plaintiff's federally protected rights and warrants the imposition of punitive damages.

### Relief Sought

**WHEREFORE,** Plaintiff, Christopher Dubose, prays that this Court grant him the following relief against Defendant, Home Depot, Inc.

A. Award him appropriate back pay and future earnings and reimbursement for other employment related losses since on or about July 2017 plus interest to render him whole from the unlawful discrimination.

B. Award him compensatory damages for pain, suffering and psychological injury, in the sum of $300,000.00 or otherwise authorized by Title VII.

C. Award him punitive damages for Defendant's willful and wanton misconduct in the sum of $ 300,000.00 or as otherwise authorized by Title VII.

      D.      Award him cost of litigation including witness fees and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k)

      E.      Grant him such further and additional relief as the Court deems just and proper.

**Dated: June 19, 2018**

                              Respectfully Submitted,

                              By: s/Joshua N. Karmel
                                  One of Plaintiff's attorneys

Joshua N. Karmel
The Law Offices of Joshua N. Karmel
3000 Dundee Rd. Ste 311
Northbrook, Illinois 60062
(847) 282-4942
Jklaw1226@gmail.com

Joseph C. Torres
The Karmel Law Firm
221 N. LaSalle, Suite 1550
Chicago, Illinois 60601
(847) 641-2910
joe@karmellawfirm.com